

FILED
MAY 11 2023
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | Case No. 23 CR-170 GKF |
|---|---|
| Plaintiff, | |
| v. | INFORMATION |
| | [18 U.S.C. § 1344(2) – Bank Fraud] |
| LESLIE ELLEN MANSFIELD, | |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

### The Scheme and Its Object

1. From in or about December 2011 to in or about November 2017, in the Northern District of Oklahoma and elsewhere, the defendant, **LESLIE ELLEN MANSFIELD,** knowingly executed, and attempted to execute, a scheme and artifice to commit Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), in the following manner (the "Scheme"):

### The Purpose of the Scheme

2. The purpose of the Scheme was to obtain money or funds under the custody and control of various banks without the authorization, knowledge, or consent of the account owners to convert these funds to **MANSFIELD'S** personal use.

## The Manner and Means of the Scheme

3. **MANSFIELD** achieved the purpose of the Scheme by using the following manner and means, among others:

4. Gatesway Foundation is a non-profit Oklahoma agency located in Broken Arrow, Oklahoma that provides services to adults with intellectual disabilities.

5. It was part of the Scheme that, for several years prior to 2019, **MANSFIELD** was a licensed attorney in the states of New Mexico and Oklahoma, and she was a trusted professional.

6. It was part of the Scheme that, starting in 1999, **MANSFIELD** became acquainted with Gatesway Foundation employees through her work with a University of Tulsa School of Law legal clinic and her service on Gatesway Foundation's human rights committee.

7. It was part of the Scheme that, in about 2011, Gatesway Foundation employees invited MANSFIELD to serve as trustee of the supplemental needs trust accounts for at least five of its clients. Gatesway Foundation had established supplemental needs trust accounts with various banks to protect each client's Medicaid and social security disability benefits.

8. The following banks were "financial institutions" within the meaning of Title 18, United States Code, Section 20, the depository accounts of which were insured by the Federal Deposit Insurance Corporation:

   a. ONB Bank
   b. Central Bank of Oklahoma
   c. Arvest Bank
   d. Arkansas Valley Bank

9. It was part of the Scheme that, as trustee, **MANSFIELD** managed the supplemental needs trust accounts for five Gatesway Foundation clients at the Financial Institutions listed in paragraph 8 and was entrusted to access these accounts for sole the benefit of the five Gatesway Foundation clients.

10. For example, **MANSFIELD** was authorized to write checks from these accounts to pay for items on behalf of Gatesway Foundation clients, such as a handicapped van, prepaid funeral services, clothes, dance lessons and Special Olympics fees. **MANSFIELD** was not authorized to withdraw or transfer funds from these accounts to her own personal accounts for her own personal use.

11. It was part of the Scheme that, on numerous occasions starting in about December 2011 and continuing through November 2017, **MANSFIELD** embezzled funds from the supplemental needs trust accounts for her own personal expenses. **MANSFIELD** embezzled the funds by electronic funds transfers and by writing checks to herself.

12. It was part of the Scheme that **MANSFIELD** concealed the Scheme by

3

altering the trust accounts' bank records before she provided them to Gatesway Foundation.

13. In aggregate, **MANSFIELD** embezzled approximately $138,000.00 as part of the Scheme.

All in violation of Title 18, United States Code, Section 1344(2).

CLINTON J. JOHNSON
United States Attorney

_____
VANI SINGHAL
Assistant United States Attorney